MARY R. WILHELM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; MARY REED WILHELM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilhelm v. Commissioner
Docket Nos. 15286-82, 23630-83.
United States Tax Court
T.C. Memo 1986-12; 1986 Tax Ct. Memo LEXIS 591; 51 T.C.M. (CCH) 261; T.C.M. (RIA) 86012; January 13, 1986. Stephen Behrends, for the petitioner. [1]
Randall E. Heath, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: These consolidated cases were heard pursuant to the provisions of section 7456 and Rule 180 et seq. [2]
*592 Respondent determined deficiencies in petitioner's 1979 and 1980 Federal income taxes in the amounts of $3,778 and $2,122, respectively. After granting respondent's motion for partial summary judgment made at trial [3] and concessions by the parties, [4] the only issue remaining for decision is whether petitioner is entitled to a $16,000 theft loss deduction in 1980. *593 Petitioner resided in La Habra, California, at the time she filed her petition in Docket No. 15286-82 and Myrtle Point, Oregon, at the time she field her petition in Docket No. 23630-83. In 1980, petitioner, a registered nurse and college instructor, was considering retirement. As part of her retirement plans, petitioner intended to invest in a clinic in Clear Lake, California, with other semi-retired doctors and nurses. According to petitioner's testimony, she planned to drive to Clear Lake to investigate the proposed investment in the clinic. Anticipating that she would conclude the transaction on that trip, petitioner claimed that she placed $16,000 in cash in the glove compartment of her Cadillac. On the day of the planned trip, petitioner was involved in an automobile accident. As a result of injuries sustained in that accident, petitioner said she was taken to a hospital for care and treatment. When she was eventually able to return to her car, petitioner testified that the $16,000 was no longer in the glove compartment. On her 1980 Federal income tax return, petitioner claimed a theft loss deduction of $16,000 without deducting the $100 floor required by section 165(h). *594 Respondent disallowed the theft loss deduction for lack of substantiation. Petitioner bears the burden of proving that respondent's determination is wrong. ; Rule 142(a). After reviewing this record, we conclude that petitioner simply failed to meet this burden. Despite ample time to procure the necessary proof to substantiate her claimed theft loss deduction, petitioner failed to produce any documentation that would enable us to decide this case in her favor. Petitioner's only support for her position was her testimony which we found vague, disjointed, and inconsistent.For example, petitioner stated that after the automobile accident, she rented a car to drive up to Clear Lake because her Cadillac had been "totaled." From the record and petitioner's statements it appears that the accident and the subsequent trip in the rental car took place in September and October of 1980. However, according to petitioner's testimony, she claimed the cost of renting that car as a business expense on her 1979 Federal income tax return which was *595 filed on April 15, 1980, approximately five months before the car accident purportedly occurred. This discrepancy casts serious doubt on the credibility of petitioner's testimony. We are not required to accept testimony as gospel, even though it is not controverted; we are entitled to take into account whether it is improbable, unreasonable, or questionable. . It is clear to us that petitioner's testimony alone simply does not provide a sufficient basis to allow us to grant petitioner's claimed deduction. Our evaluation of her testimony is founded upon "the ultimate task of a trier of the facts -- the distillation of truth from falsehood which is the daily grist of judicial life." . Accordingly, respondent is sustained on this issue. Decision will be entered under Rule 155 in Docket No. 15286-82.
Decision will be entered for the respondent in Docket No. 23630-83.
Footnotes
1. Mr. Behrends appears for petitioner only on brief filed with the Court subsequent to the trial of this case. Petitioner appeared at trial pro se.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable years in issue unless, otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. In (Wilhelm I), this Court in considering petitioner's taxable year 1977 ruled that this petitioner's testimony and the various lists and miscellaneous receipts submitted by her to substantiate a claimed theft loss in 1979 were simply insufficient for the Court to make a finding as to even a reasonably accurate estimate regarding the lesser of the cost or fair market value of the items stolen and concluded that petitioner had failed to prove her entitlement to a carryback to 1977. She also claimed home office deductions in 1977 and 1978 and the Court in Wilhelm I ruled that the college where petitioner taught and performed health care duties was the focal point of her employment activities, not her home office, and ruled against her on the home office issue. In this case, petitioner again reiterated her claims for the same deductions for home office expenses in 1978 and 1979 and the same theft loss as was litigated in Wilhelm I.↩ Accordingly, at the trial of this case we held that petitioner was collaterally estopped from raising these issues again and granted respondent's motion for partial summary judgment under Rule 121.
4. Petitioner on brief conceded virtually all of the issues tried and we see no reason to discuss them in this opinion. Respondent on brief conceded petitioner is entitled to $330 as an employee business expense deduction for 1979. Some other adjustments are automatic based on the resolution of other issues.↩